IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORRINDA SPAULDING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 6311 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's claim for disability benefits has been pending since September 1996. The claimed onset date is in December 1993. Benefits were denied, this court affirmed, and the Court of Appeals reversed and remanded. Benefits were denied after another hearing and the court reversed and remanded. In that opinion, Spaulding v. Barnhart, 03 C 4383, dated May 12, 2004, we discussed at some length the deficiencies in the administrative determination. So back it went. This time the ALJ granted supplemental security benefits as of April 27, 2004, but not social security disability insurance benefits from the alleged 1996 onset date. Once again plaintiff appealed, and the government moves to remand. It contends that in the last administrative decision a number of material factual matters were left unresolved, including the impact of bathroom breaks on employability, the length of those breaks, and plaintiff's credibility in her testimony regarding her circumstances prior to April 27, 2004. The plaintiff objects to the remand.

To paraphrase Rohan v. Barnhart, 306 F.Supp.2d 756 (N.D.Ill. 2004), after ten years it is time to bring this litigation to an end. But how? Magistrate Judge Morton Denlow, in

Rohan, thought that he could grant benefits on the basis of the then record if there had been unconscionable delay and obduracy on the part of the government. He had precedent to rely upon, which he discussed. Shortly thereafter he made a similar determination, and that one went up on appeal. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345 (7th Cir. 2005). The Court of Appeals reversed, holding that "[o]bduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability." Id. at 357.

The tools that a court has to compel an agency to act, when the agency has the responsibility and obligation to make the determination, are limited. There has to be some way to reach closure. Perhaps at some point the agency abdicates its authority to make the determination and surrenders that authority to the court; but in light of Briscoe, *supra*, we cannot say we are there yet. Plaintiff may be contending that the ALJ had no reasonable grounds to reject the claimant's claim – and the present record establishes that. If so, we see no reason to remand now; the government can file a brief in response to the summary motion, and the plaintiff can reply. Perhaps that exercise will demonstrate the need to remand to complete the record, but perhaps the case can be resolved now. We think, given the circumstances, that it is up to the plaintiff to decide whether she wishes to push ahead, given the burden she must sustain, or whether she will accept the remand. She should elect within the next seven days by a Yes or No filing. If she wishes to push ahead, we suggest that the parties discuss and agree upon a briefing schedule.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 14, 2006.