IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORRINDA SPAULDING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05 C 6311 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case has had a long and troubled history, as explained in <u>Spaulding v. Barnhart</u>, 2007 WL 1610445 (N.D. IL). There we remanded the case for further proceedings. Plaintiff now seeks attorneys' fees of $8,840.74, as now increased to reflect the time spent on the fees petition. The Commissioner does not dispute that plaintiff was the prevailing party and the government's position was not substantially justified, nor does he contend that the time spent was unreasonable or that the amounts were erroneously calculated. Rather, the Commissioner contends that he consented to a remand, plaintiff opposed a remand because he believed he was entitled to an award of benefits by the court, and this court ordered a remand, something plaintiff could have gotten much earlier. Consequently, it is argued, the fees should be only for the period prior to the offer of remand.

That position would have considerable force if this had been the first remand. But here there had been an ALJ hearing, an appeal to the district court and then to the Court of Appeals, another ALJ hearing, a second district court appeal leading to a remand, another hearing and appeal, another remand, and another appeal. It has been going on for more than

eleven years. Plaintiff's counsel, after the last hearing, had a reasonable shot at contending that after all the hearings the record permitted only one conclusion: that plaintiff was entitled to benefits. He did not get that, but did get an opinion that detailed what the government would have to establish if benefits were to be denied again, and a clear indication that if the government did not get it right this time benefits would be awarded by the court. We think plaintiff's counsel was ethically compelled to take the position he did, that the resulting opinion was a substantial benefit to plaintiff, and that, in the unique circumstances of this case, an award of fees is not an incentive to take unreasonable positions in subsequent cases. After all, we earnestly hope that cases with this kind of history will be few and far between. We award fees of $8,840.74, payable to Attorney Barry A. Schultz.

JAMES B. MORAN
Senior Judge, U. S. District Court

6/26/07, 2007.
06-26-07